UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
TRAVIS W. LANTZ,

                       Plaintiff,                  06-CV-6663T

                v.                           **DECISION**
                                                  **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                       Defendant.
_____

## **INTRODUCTION**

Plaintiff Travis W. Lantz ("Lantz" or "plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("Act") claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for Supplemental Security Income ("SSI") benefits.[1] Specifically, Lantz alleges that the decision of the Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Lantz opposes the defendant's motion.

---

[1] This case (formerly civil case 04-CV-0343-E) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

**BACKGROUND**

On September 25, 2000, plaintiff Travis W. Lantz, at the time a 25 year old college graduate, protectively applied for SSI benefits claiming that he had become unable to work due to mental illness. Lantz's application for benefits was initially denied. Thereafter, plaintiff, represented by an attorney, requested an administrative hearing which was held on August 14, 2003 before ALJ Bruce Mazzarella. The ALJ found Lantz not to be disabled on September 25, 2003. Thereafter, Lantz's appeal of the ALJ's decision to the Social Security Appeals Council was denied, and on May 6, 2004, plaintiff filed this action *pro se*.

**DISCUSSION**

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence.

See, Monquer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted).  Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings.  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate.  See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

> II. <u>The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record.</u>

> A. <u>Statutory Standard for Entitlement to Disability Benefits</u>

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from schizophrenia/schizoaffective disorder, those conditions did not rise to the level of an impairment under the Social Security Regulations.

In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff's conditions – either individually or in combination – were severe conditions; that plaintiff's schizophrenia/schizoaffective disorder – either alone or in combination with his other impairments – did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P,

Regulation No. 4; that plaintiff had no past relevant work; and that plaintiff retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy.  In doing so, the ALJ properly evaluated the medical record, and gave appropriate weight to the opinions of plaintiff's treating physicians and examining physicians.

The assessment of a treating physician is given controlling weight if is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [it] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 188 (2d Cir. 1998).  The ALJ may not arbitrarily substitute [his] own judgment for the treating physician's competent medical opinion. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999).  The "treating physician rule" does not apply, however, when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts.  Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

When the treating physician's opinion is not given controlling weight, the ALJ must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2).

These factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the SSA's attention that tend to support or contradict the opinion. *Id.* The ALJ must also set forth his reasons for the weight assigned to the treating physician's opinion. *Id.*

The ALJ also must consider claimant's subjective complaints of pain and limitations in making a determination of his RFC. 20 C.F.R. § 404.1529 and SSR 96-7p. The ALJ is not permitted to find a claimant not credible solely because the severity of his subjective complaints of limitations is not supported by objective medical evidence. *Id.* The ALJ may evaluate the credibility of a claimant together with the medical findings and other evidence in determining the true extent of the disability alleged by the claimant. Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

At the last step of the sequential evaluation, the burden of proof shifts to the Commissioner to show there is other gainful employment in the national economy the claimant could perform considering the claimant's RFC, age, and past work experience. 20 C.F.R. § 404.1520(f); see Carroll v. Secretary of H.H.S., 705 F.2d 638, 642 (2d Cir. 1983). Where there exists a combination of exertional and nonexertional limitations, an ALJ must evaluate

whether the occupational base for exertional work is eroded by the nonexertional limitations.  SSR 83-14; see Bapp v. Bowen, 802 F.2d 601 (2d Cir. 1986).  Pursuant to the regulations, the Commissioner is ultimately responsible for determining whether an individual meets the statutory definition of disability.   20 C.F.R. §404.1527(e)(1).

Substantial evidence exists in the record which supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

B.   Discussion of the Evidence

Plaintiff was hospitalized from January 4 to January 12, 1998 for evaluation of increasingly bizarre behavior.  (T. 168-77).  He was treated with Zyprexa and subsequently discharged in better condition.  (T. 168, 170).  The discharge diagnosis was delusional disorder, unspecified; rule out psychosis, not otherwise specified ("NOS"); and identity disorder, NOS.  (T. 168).

Plaintiff was again hospitalized from September 14 to November 17, 1999 due to agitation and disorganized behavior.  (T. 212-29). Plaintiff admitted that he had not taken his medication for three months prior.  (T. 212).  After refusing further medication, the court ordered treatment with medication and he improved within days. (T. 213-14).  The discharge diagnosis was schizoaffective disorder, bipolar type.  (T. 214).

During his follow-up treatment with Ms. Kilmer, CSW, in December 1999, plaintiff said he feigned depressive symptoms after reading a medical journal because he needed a break from his family. (T. 197). Ms. Kilmer noted that plaintiff was alert and oriented and his mood euthymic and that he exhibited no symptoms of delusion, mania or depression. (T. 198-99).

Plaintiff saw Dr. Frank for follow-up in December 1999 and plaintiff reported that he was compliant with his medication and that things were going very well and the doctor agreed. (T. 196).

Ms. Kilmer diagnosed plaintiff in January 2000 with schizoaffective disorder, bipolar type, in remission. (Id.).

Dr. Seibert, Ph.D., evaluated plaintiff in February 2000 and reported that plaintiff presented no unusual behaviors or mannerisms and his affect was stable and well modulated. (T. 181-82). Plaintiff admitted to Dr. Seibert that he had no interest in performing routine, unskilled labor he did not enjoy for minimum wage and that he desired disability benefits because he felt lazy and preferred to spend his time reading, listening to music, watching television, and socializing. (T. 181, 182, 183).

After leaving his group home against medical advice in April 2000, plaintiff was hospitalized again from June 5 to June 16, 2000 for behavioral changes and said he was not taking his medication for about one year. (T. 201, 230, 233). Plaintiff was stabilized with

medication and discharged in stable condition with a diagnosis of undifferentiated schizophrenia. (T. 230, 231).

Dr. Gorman, psychiatrist and neurologist, began treating plaintiff in September 2000 and found no evidence of a thought disorder. (T. 264). Dr. Gorman stated that plaintiff knew without medication, he decompensated and exhibited bizarre behavior. (T. 265). Dr. Gorman's notes from October and November 2000 and from March 2001 to March 2002 demonstrated that plaintiff was doing well, was stable and had been compliant with his medication. (T. 259-62, 306-312).

Dr. Santa Maria, psychologist, examined plaintiff in January 2001 and concluded that plaintiff did not exhibit a psychiatric condition that would contraindicate full time employment. (T. 252).

Plaintiff was hospitalized from November 2 to November 5, 2002 after not taking his medication. (T. 317, 321, 326). After he was treated with Zyprexa he exhibited remarkable improvement. (T. 319). His discharge diagnosis was undifferentiated schizophrenia. (T. 320).

Dr. Gorman saw plaintiff in December 2002 and plaintiff showed no signs of psychosis. (T. 298). He lived in his own place, paid his bills, grocery shopped and maintained his apartment. (Id.).

Forensic psychiatrist Dr. Tronetti saw plaintiff in June 2003 and noted that plaintiff was doing extremely well on Zyprexa, his

sleep and appetite were good, and his affect adequate and appropriate. (T. 343). There was no evidence of delusions or hallucinations. (Id.).

The record demonstrates that plaintiff functions very well and retains the ability to handle the mental demands of work when he takes his medication. Moreover, substantial evidence exists in the record which supports the ALJ's finding that plaintiff demonstrated the insight to remain compliant with his medication. The ALJ properly found that plaintiff's statements regarding his symptoms were not credible to the extent alleged. (T. 19, 23, 362). When objective medical evidence does not substantiate a claimant's allegations regarding the intensity and persistence of symptoms, the Commissioner considers such factors as: (1) the claimant's daily activities; (2) the nature, duration, frequency and intensity of his symptoms; (3) precipitating and aggravating factors and (4) the type of medication and other treatment or measures which the claimant uses for the relief of pain and other symptoms. 20 C.F.R. § 416.929(c)(3). The ALJ noted that plaintiff lived alone, ran errands, socialized, entertained himself and successfully managed the activities of daily living (T. 353, 372-77). The ALJ also noted that plaintiff was not motivated to work and preferred to receive SSI. (T. 20). Further, the record shows that plaintiff was not symptomatic when he was compliant with his medication. (T. 182-83, 196, 198-99, 229, 251-52, 262, 307, 343). The ALJ's assessment of

plaintiff's subjective symptoms is supported by substantial evidence in the record.

The ALJ found that plaintiff had a nonexertional limitation that limited him to performing simple work due to his mental condition. (T. 20). The vocational expert ("VE") found that there were significant numbers of jobs in the national economy that plaintiff could perform, and moreover, that plaintiff could perform unskilled work at all exertional levels. (T. 386-87). Accordingly, the ALJ's determination that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.

## **Conclusion**

The court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, and therefore I hereby grant judgment on the pleadings in favor of the defendant.

ALL OF THE ABOVE IS SO ORDERED.

 s/Michael A. Telesca  
MICHAEL A. TELESCA  
United States District Judge

Dated:   Rochester, New York  
         February 27, 2007